

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 1, 1939

Hon. Carl Periman
County Attorney
Memphis, Texas

Dear Sir:

Opinion No. O-675
Re: Does the Commissioners' Court have au-
thority to approve and pay bills for
hospital treatment of citizens outside
the county?

Your letter of May 15, 1939, addressed to Hon.
Gerald C. Mann, Attorney General, has been referred to
the writer for consideration and reply.

Part of your letter is as follows:

"There are two items for hospital treat-
ment, one at Plainview and one at Tulia (both
points being outside Hall County), charged
against Hall County. The persons treated were
Hall County citizens and each case was author-
ized or rather approved by a Hall County officer
and it was promised, as alleged, the county
would pay the bills if lawful to do so. * * *

"Hospital bills for treatment of indigent
patients when originating within the county are
being paid. The cases at issue are for treat-
ment of indigent people."

You request an opinion of this department as
to whether or not the county may lawfully pay the above
two items.

Your attention is directed to Article 2351,
Section 11, Revised Civil Statutes of Texas providing
powers of the Commissioners' Court, as follows:

"Provide for the support of paupers and
such idiots and lunatics as cannot be admitted
into a lunatic asylum, residents of their
county who are unable to support themselves.
By the term resident as used herein, is meant
a person who has been a bona fide inhabitant
of the county not less than six months and of
the state not less than one year."

Section 12 of Article 2351, aforesaid, provides
as follows:

"Provide for the burial of paupers."

However, your question does not relate to the
support of paupers. The parties suffering the two items
of hospital treatment were indigent sick, and there is no
question as to whether or not these people are paupers
and coming within the provision of article 2351 above set
out.

Article 4438, Revised Civil Statutes of Texas,
provides as follows:

"If there is a regular established public
hospital in the county, the Commissioners'
Court shall provide for sending the indigent
sick of the county to such hospital. If more
than one such hospital exists in the county,
the indigent patient shall have the right to
select which one of them he shall be sent to."

The authority of the Commissioners' Court is
limited in providing for treatment of the indigent sick
to public hospitals within the county, and the authori-
ty is excluded to send such indigent sick to private hos-
pitals within or without the county, or to public hospi-
tals without the county.

Willacy County v. Valley Baptist Hospital, 29
SW (2d) 456.

Therefore, it is our opinion and you are so ad-
vised that the Hall County Commissioners' Court has no



Hon. Carl Periman, June 1, 1939, Page 3

authority to pay items of hospital treatment for indigent
sick to any hospital outside of Hall County.

Believing this to answer your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Pat Coon
Assistant

PC:emb

APPROVED:

ATTORNEY GENERAL OF TEXAS